UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-201-T-27AEP

SANTO DE LA CRUZ-VALERA
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Cruz-Valera's Pro Se Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A). (Dkt. 106). No response is necessary. The motion is **DENIED**.

Cruz-Valera stands convicted of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States. (Dkt. 84 at 1). He was sentenced to 120 months imprisonment, followed by five years of supervised release. (Id. at 2-3). He now seeks compassionate release based on what he contends are "extraordinary and compelling" reasons. (Dkt. 106). Specifically, he asserts that he has "had serious health issues over the course of [his] incarceration, including but not limited to hypertension and issues with headaches, breathing as a result of contracting COVID-19." (Id. at 9). He further asserts that he continues "to suffer from the effects of COVID-19," "believe[s] that [his] lungs are probably scared and damaged as a result of COVID-19," and "with the new Delta variant [he] remains troubled that prison officials will not be able to prevent its spread throughout the population due to the lack of sufficient inmate taking the vaccine and staff alike." (Id.). However, he is not entitled to compassionate release.

1

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b); *see United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the exhaustion requirement is not jurisdictional). Cruz-Valera has provided documentation reflecting that 30 days have elapsed since the warden received his request to bring a motion for compassionate release, which was denied. (Dkt. 106-1 at 2). Accordingly, his motion may be considered.

While § 3582(c)(1)(A) provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Cruz-Valera fall within these circumstances. First, although he asserts and provides medical records reflecting that he suffers from various medical conditions, including hypertension (Dkt. 106 at 9); (Dkt. S-105), he does not assert or provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish his ability to provide self-care. U.S.S.G. § 1B1.13, cmt. n.1; *see also United States v. Rind*, 837 F. App'x 740, 743-44 (11th Cir. 2020) (affirming denial of compassionate release where defendant

who had type II diabetes, hypertension, high blood pressure, and asthma did not "provide[] sufficient information regarding the severity of his medical conditions"). And, although he contends that "with the new Delta variant [he] remains troubled that prison officials will not be able to prevent its spread" (Dkt. 106 at 5, 9), courts in this Circuit, with which I agree, have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13."[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Second, Cruz-Valera does not identify age-based or family circumstances warranting release. *See* U.S.S.G. § 1B1.13, cmt. n.1. His circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed July 20, 2021). And, while his rehabilitation efforts are admirable, (Dkt. 106 at 7); (Dkt. 106-1 at 14), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, his reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with § 1B1.13.

Additionally, Cruz-Valera's challenges to his sentence and purported inability to obtain good time credits do not constitute extraordinary and compelling circumstances. (Dkt. 106 at 6-7); *see United States v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (finding that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues"). Indeed, courts in this Circuit, with which I also agree, have found that "post-sentencing developments" in the law, including disparities in sentencing, do not constitute an extraordinary and compelling

---

[1] Notably, Cruz-Valera asserts and provides documentation that he has received the COVID-19 vaccine. *See* (Dkt. 106 at 5); (Dkt. S-105 at 1). *See also United States v. Walker*, No. 2:17-cr-539-RDP-SGC, 2020 WL 5258287, at * 3 (N.D. Ala. Sept. 3, 2020) (denying compassionate release to an inmate who contracted COVID-19 but failed to demonstrate that "he is at higher risk or would otherwise be better off were he released from incarceration now").

reason warranting a sentence reduction. *See United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL, 2020 WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases); *United States v. Young*, No. CR 16-00210-KD-MU, 2021 WL 149845, at *5 (S.D. Ala. Jan. 15, 2021) (rejecting equal protection claim as basis for compassionate release).

To the extent Cruz-Valera contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 106 at 3, 5-7), the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Cruz-Valera has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[2]

---

[2] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Cruz-Valera's offense do not weigh in favor of release. Indeed, 330 kilograms of cocaine were recovered from the go-fast vehicle of which he was a crewmember. (Dkt. 25); (Dkt. 59 at 5). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.

In summary, Cruz-Valera has not demonstrated that compassionate release is warranted. Accordingly, his motion is **DENIED**. (Dkt. 106).

**DONE AND ORDERED** this 22nd day of July, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record